# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MIKEL J. KINDER, JR., )
 )
          Plaintiff, )
 )
v. ) No. CIV 16-363-RAW-SPS
 )
OKLAHOMA DEPARTMENT )
OF CORRECTIONS, )
 )
          Defendant. )

## OPINION AND ORDER

This action is before the Court on Defendant Oklahoma Department of Corrections' motion to dismiss (Dkt. 9). Plaintiff, a pro se prisoner who is incarcerated at North Fork Correctional Center in Sayre, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983. He is seeking monetary relief for alleged constitutional violations during his incarceration at Davis Correctional Facility, a private prison in Holdenville, Oklahoma. The sole defendant is the Oklahoma Department of Corrections.

Plaintiff alleges his constitutional rights were violated while he was at Davis Correctional Facility, which is contracted by Defendant Oklahoma Department of Corrections. He claims that on March 1, 2016, he received a note from the Indian gang called "Savage Boy," threatening to have him stabbed on sight in retaliation for the murder of their "brother." The note was referring to the victim of the crime for which Plaintiff is incarcerated. Plaintiff also claims he was told that the Neighborhood Crips wanted him stabbed on sight, because they believed he had informed prison staff of the Crips' illegal activities.

Plaintiff further alleges he advised his unit team (case manager, unit manager, counselor, chief of security, warden and internal affairs) of the threat and requested a

"protective measures packet." He also asked to be placed in a single cell to await a transfer, because his cellmate was a Crip gang member who had demonstrated hostility toward Plaintiff, and Plaintiff did not feel safe. The requests were denied.

On April 15, 2016, Plaintiff allegedly sent a letter to the Interim Director of the Department of Corrections, stating he had received threats on his life and believed his life was in danger. The letter further stated that his cellmate was a Crip who seemed to want to harm him. Plaintiff could not sleep because of his fear of being attacked. The Interim Director advised Plaintiff to address this issue through the grievance process.

Believing no one would protect him and that he could not protect himself, Plaintiff pleaded with his cellmate when the cellmate approached Plaintiff to harm him. The cellmate said he was half Indian, and Plaintiff had killed the wrong Indian. After Plaintiff showed the cellmate evidence of Plaintiff's innocence, the cellmate allegedly had a "change of heart" and agreed to help Plaintiff by writing a statement about the plan to stab him. The cellmate allegedly told Plaintiff he had been offered $500 to stab him, and the cellmate put this information in writing to help Plaintiff get assistance from the staff. Plaintiff does not allege he was physically harmed by another inmate.

Defendant Oklahoma Department of Corrections has filed a motion to dismiss, alleging the Eleventh Amendment bars Plaintiff's claims against this defendant (Dkt. 9). Plaintiff has not filed a response to the motion or requested leave to file an amended complaint.

"[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F .3d 1186, 1196 (10th Cir.1998). Absent a waiver by the state, or a valid congressional override, the amendment

bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Here, the defendant has not waived immunity. Therefore, the Court finds the motion to dismiss must be granted.

The Eighth Amendment imposes on prison officials a duty to protect prisoners from violence at the hands of other inmates. *See Ramos v. Lamm*, 639 F.2d 559, 572-73 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Berry v. City of Muskogee*, 900 F.2d 1489, 1494-95 (10th Cir. 1990).

> Under some circumstances, the failure to protect an inmate from a threat of violence may state a claim under the Eighth Amendment. *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). . . . The general rule in the usual case, however, is that mere words, without more, do not invade a federally protected right. *Collins v. Cunday*, 603 F.2d 825, 827 (10th Cir. 1979). . . . By implication, a defendant's failure to protect an inmate from idle threats by fellow inmates does not violate the Eighth Amendment.

*Bauer v. Dantis*, No. 95-2153, 1996 WL 77037 (10th Cir. Feb. 21, 1996) (unpublished) (quoting *Bauer v. Dantis*, No. 94-cv-430-LH-LCH (D.N.M. July 7, 1995)).

Given the absence of any allegation in the complaint that another prisoner actually attempted to physically injure Plaintiff, the Court finds Plaintiff's allegations fail to demonstrate that prison officials were deliberately indifferent to his safety. Therefore, amendment of the complaint would be futile.

**ACCORDINGLY,** Defendant's motion to dismiss (Dkt. 9) is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 18th day of September 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma